UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

SOCIAL, LLC,

      Plaintiff,

vs.

MILWAUKEE BREWING
COMPANY, INC.,

      Defendant.

Case No.

## COMPLAINT

Plaintiff, SOCIAL, LLC ("Social"), through counsel, states the following for its Complaint against Defendant Milwaukee Brewing Company, Inc. ("MBW").

### Summary of this Civil Action

1. Pursuant to certain agreements between the Parties, MBW agreed to provide Social with brewing and canning services for certain Social products.

2. After MBW had already brewed and canned over 35,000 cases of canned product for Social, Social discovered that the products provided by MBW were faulty.

3. Namely, the products brewed and canned by MBW would spontaneously explode, making them unfit for consumption.

4. Social faces losses of at least $250,000 as a result of MBW's faulty product. This is before factoring in the loss of market opportunities and goodwill brought about by MBW's failure to provide Social with marketable products.

5. In failing to provide Social with marketable products, MBW has breached the agreements made between the parties, as well as the warranties of marketability and fitness for a particular purpose. Alternatively, MBW has been unjustly enriched at the expense of Social.

6. As a result, Social seeks a money judgment of more than $250,000.00 against MBW.

## The Parties, Jurisdiction, and Venue

7. Plaintiff Social is a Nevada LLC doing business throughout the United States, but maintaining its principal place of business in Port Huron, Michigan.

8. Defendant MBW is a Wisconsin corporation with its principal place of business located in Milwaukee, Wisconsin. For diversity jurisdiction purposes under 28 U.S.C. § 1332, MBW is therefore considered a "citizen" of the State of Wisconsin.

9. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and this civil action is between citizens of different states.

10. Conversely, this Court has limited personal jurisdiction over MBW pursuant to MICH. COMP. L. §§ 600.715(1), (5) because MBW has transacted business within the State of Michigan, as well as entered into a contract for goods to

be furnished in the State of Michigan. These actions by MBW have given rise to the present dispute.

11. This Court is a proper venue for this civil action under 28 U.S.C. §1391.

## General Allegations

### *The Parties – Social and MBW.*

12. Social is an alcoholic beverage company founded in 2014.

13. Social is focused on creating clean alcoholic beverages with both flavor and health benefits.

14. MBW is an alcoholic beverage company founded in 1997.

15. According to its website, MBW installed the first "micro-canning" system in Wisconsin because it believed it was a superior package to the traditional "brown glass" beer bottle. (Source: https://mkebrewing.com/about/).

16. One of the reasons MBW gives for its preference of canned beverages over bottled ones is that "[c]ans are safer", and do not have as many issues with "chipping, shattering, etc."

17. Unfortunately for Social, this has not been the case.

### *The Parties' Agreements.*

18. One of Social's key product lines is canned beverages.

3

19. Furthermore, in addition to cans being lighter, easier, and more convenient than glass bottles, Social values canned beverages because of the reduced carbon footprint and increased recyclability cans have relative to glass bottles.

20. However, due to the expenses associated with canning operations, Social has entered into agreements outsourcing its brewing and canning to larger businesses like MBW since 2014.

21. Social entered into one such agreement (the "Agreement") with MBW in late 2021.

22. Under the Agreement, which was agreed to orally, as well as through conduct and documents such as correspondence, purchase orders, and/or invoices, MBW brewed and canned two production runs of Social products in late 2021 and early 2022.

23. Specifically, in October 2021, MBW provided Social with 10,538 cases of product, and in March 2022, MBW provided Social with 35,540 cases of product.

24. In order to produce the requisite Social products, Social provided to MBW the same recipe that it has provided to other brewing and canning facilities.

*__MBW provides defective products to Social__*

25. In June and July of 2022, Social discovered that the products brewed and canned by MBW, due to a flaw in the brewing and/or canning of the products, were exploding unexpectedly and were not fit for consumption.

26. Social has never before experienced the sort of catastrophic failures inherent in the products brewed and canned by MBW.

27. Due to the volatile nature of MBW's brewed products, Social was required to dispose of at least 1,400 cases because the exploding cans were spewing the Social beverages throughout the pallets – generating mold and attracting animals.

28. The remaining Social products brewed by MBW are with Social's distributors – a meaningful amount of whom have already advised Social that the product is faulty and cannot be sold to consumers.

29. Social also anticipates significant returns from retailers that have sold these faulty products to consumers.

30. As a result of MBW's failure to provide marketable products to Social, Social faces significant costs for the disposal of its products across the various states in which its distributors are located.

31. Social attempted to informally resolve the dispute with MBW by sending a demand letter to MBW, but Social has not received any response.

## COUNT I – BREACH OF CONTRACT

32. Plaintiff Social incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

33. Social and MBW are parties to agreements concerning the sale of goods—namely, the sale of canned alcoholic beverages brewed consistent with Social's strict recipe and guidelines.

34. Social and MBW entered into valid and enforceable contracts, by their conduct, and in the form of correspondence, purchase orders and/or invoices.

35. Social and MBW never entered into a single, fully-integrated document that completely defined their roles and responsibilities. Nevertheless, Social and MBW had an Agreement for the delivery of canned alcoholic beverages brewed consistent with Social's strict recipe and guidelines.

36. Social performed its obligations under the Contracts by paying MBW for its services and products, in addition to providing the raw materials necessary for brewing the Social beverages.

37. MBW has materially breached the Contracts by failing to provide Social with products that are safe, marketable, and fit for their intended purpose.

38. As a direct and proximate cause of MBW's material breach of the Contracts, Social has suffered damages in the amount of at least $250,000.00, plus interest costs and attorney fees.

39. Social seeks judgment as set forth herein.

## COUNT II – UNJUST ENRICHMENT
### (Plead in the Alternative to Count I)

40. Social incorporates the allegations contained in the preceding paragraphs 1 through 31 as if fully set forth herein.

41. Social paid MBW to manufacture, sell, and/or deliver certain products to Social.

42. Despite having been paid for these products, MBW has failed to deliver marketable products to Social.

43. MBW has no right to keep the benefits Social has conferred on it in exchange for its manufacturing, selling, and delivering of Social products. Principles of fairness and equity require that MBW disgorge such benefits back to Social.

44. Social has been damaged as a result of the unjust enrichment for the benefit of MBW.

45. Social seeks judgment as set forth herein.

## COUNT III – BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

46. Plaintiff Social incorporates the allegations contained in the preceding paragraphs 1 through 31 as if fully set forth herein.

47. The goods provided by MBW carry an implied warranty that the goods shall be merchantable with respect to goods of that kind.

48. No agreement or writing between MBW and Social limited the application of the Uniform Commercial Code's implied warranty of merchantability.

49. MBW is a merchant under the Uniform Commercial Code.

50. The products MBW provided to Social are not "fit for the ordinary purpose for which such goods are used" because they have a tendency to explode without warning.

51. The products provided to Social by MBW violate the implied warranty of merchantability.

52. Social has been damaged as a result of MBW's breach of the implied warranty of merchantability.

53. Social seeks judgment as set forth herein.

### COUNT IV – BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

54. Plaintiff Social incorporates the allegations contained in the preceding paragraphs 1 through 31 as if fully set forth herein.

55. MBW had an obligation to provide suitable goods that are fit for their intended particular purpose.

56. MBW knew at the time of contracting that Social's products had the purpose of being consumed as an alcoholic beverage.

57. At the time of contracting, MBW knew that Social was relying on MBW to utilize its skill in brewing and canning alcoholic beverages to provide Social with a consumable product.

58. By providing Social with products that exploded without warning, MBW breached the implied warranty of fitness for a particular purpose.

59. Social has been damaged as a result of MBW's breach of the implied warranty of fitness for a particular purpose.

60. Social seeks judgment as set forth below.

## Relief Requested

WHEREFORE, Plaintiff SOCIAL, LLC, respectfully requests that this Court enter Judgment in its favor and against Defendant Milwaukee Brewing Company, Inc. as follows:

  A. Awarding Social damages sufficient to compensate it for its actual damages, lost profits, lost goodwill, and/or all consequential and exemplary damages;

  B. Awarding Social its attorneys fees and costs incurred in bringing this action;

  C. Awarding Social all such other relief that this Court deems just and equitable under the circumstances.

            Respectfully submitted,

            WINTHROP & WEINSTINE, P.A.

            By: /s/ H. William Burdett Jr.
             H. William Burdett, Jr. (p63185)
            19 Clifford Street
            Detroit, Michigan 48226
            (313) 318-9203
            bburdett@winthrop.com
Dated: August 26, 2022     *Attorneys for SOCIAL, LLC*

24620917v1